UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEAYDRA R. S.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 3:20-cv-06055-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits ("DIB").

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

I.    <u>ISSUES FOR REVIEW</u>

A. Did the ALJ properly evaluate the medical opinion evidence?

B. Did the ALJ properly evaluate Plaintiff's subjective symptom testimony?

II.    <u>BACKGROUND</u>

On April 4, 2018, Plaintiff filed an application for DIB, alleging a disability onset date of February 3, 2017. Administrative Record ("AR") 173. Plaintiff's application was denied upon official review and upon reconsideration. AR 76, 89. A hearing was held before Administrative Law Judge ("ALJ") Rebecca Jones on March 10, 2020. AR 36–75.

Case 3:20-cv-06055-TLF   Document 15   Filed 12/06/21   Page 2 of 12

On April 8, 2020, ALJ Jones issued a decision finding that Plaintiff was not disabled. AR 16–34. On August 24, 2020, the Social Security Appeals Council denied Plaintiff's request for review. AR 1–7.

Plaintiff seeks judicial review of the ALJ's April 8, 2020 decision.

### III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV. DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of rheumatoid arthritis, bilateral carpal tunnel syndrome status post-release on the right hand, and mild right thumb osteoarthritis with ulnar collateral ligament injury. AR 21. Based on the limitations stemming from these impairments, the ALJ found that Plaintiff could perform a reduced range of light work. AR 23.

Relying on vocational expert ("VE") testimony, the ALJ found at step four that Plaintiff could perform her past relevant work as an administrative clerk, but also went on to find Plaintiff could perform other light, unskilled jobs at step five of the sequential evaluation; therefore, the ALJ determined at step five that Plaintiff was not disabled. AR 27–28.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

A. <u>Whether the ALJ Properly Evaluated the Medical Opinion Evidence</u>

Plaintiff assigns error to the ALJ's evaluation of medical opinion evidence from Gary Bilodeau, P.A.C., and Arild Lein, M.D. Dkt. 12, p. 3. Plaintiff also assigns error to the ALJ's reliance on medical opinions from two non-examining agency medical consultants; however, an ALJ is not required to give reasons for crediting, as opposed to rejecting, medical opinion evidence. *See Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).

1. <u>Medical Opinion Standard of Review</u>

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

The Social Security Administration, for applications filed on or after March 27, 2017, changed the regulations applicable to evaluation of medical opinions. Hierarchy among medical opinions has been eliminated, but ALJs are required to explain their reasoning and specifically address how they considered the supportability and consistency of each opinion. Under these regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The Commissioner's new regulations still require the ALJ to explain their reasoning, and to specifically address how they considered the supportability and consistency of the opinion. *See* 20 C.F.R. §§ 404.1520c, 416.920c; *see also,* Revisions to Rules Regarding the Evaluation of Medical

Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). In addition, the 2017 regulations provide that physician's assistants are acceptable medical sources for providing opinions. 20 C.F.R. 404.1502(a)(8).

Regardless of whether a claim pre- or post-dates this change to the regulations, an ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

Under 20 C.F.R. § 416.920c(a), (b)(1)-(2), the ALJ is required to explain whether the medical opinion or finding is persuasive, based on whether it is supported and whether it is consistent. *Brent S. v. Commissioner, Social Security Administration*, No. 6:20-CV-00206-BR, 2021 WL 147256 at *5 - *6 (D. Oregon January 16, 2021).

These are the two most important factors in the ALJ's evaluation of medical opinions or findings; therefore, "[t]he 'more relevant the objective medical evidence and supporting explanations presented' and the 'more consistent' with evidence from other sources, the more persuasive a medical opinion or prior finding." *Linda F. v. Saul*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (quoting 20 C.F.R. § 404.1520c(c)(1)-(2)).

### 2. Opinion of Gary Bilodeau, P.A.C.

Gary Bilodeau, a certified physician's assistant for Plaintiff's primary care provider, completed an evaluation form for Plaintiff's disability benefits application on August 18, 2018. AR 503–04. He listed Plaintiff's diagnoses as severe right, and moderate left, carpal tunnel syndrome, in addition to arthritis, and listed her symptoms as numbness, tingling, electric shock pain, and weakness. AR 503. As to Plaintiff's

limitations, he opined that Plaintiff would be unable to lift or move loads of more than two pounds; could occasionally reach, and never handle, bilaterally; and would be expected to be absent from work in excess of four days per month. AR 503–04.

The ALJ found this opinion unpersuasive, reasoning that (1) the limits on plaintiff's manipulative abilities were only reflective of her functioning before, and not after, her right carpal-tunnel release surgery; and (2) there was no support in the record for a finding that Plaintiff would miss four or more days of work per month. AR 26.

With respect to the ALJ's first reason, an ALJ may discount an opinion as inconsistent with the record as a whole including evidence the claimant's condition improved and stabilized with treatment. *See Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004); 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give that opinion.") Here, the ALJ found that a September 2018 surgery for carpal tunnel "was generally successful in relieving [plaintiff]'s symptoms." AR 25. In support of this, the ALJ cites to Plaintiff's self-report indicating "that the numbness and tingling [in her hand] had greatly improved[,]" as well as "subsequent physical exams [that] are unremarkable for any objective weakness and rather document 5/5 strength, full range of motion, no joint instability, and negative Tinel's signs[.]" AR 24–25 (citing AR 513, 531, 557, 592, 599, 602, 607, 611, 613).

However, notes from post-surgery visits also document continuing wrist and hand pain and numbness. *See, e.g.* AR 607 (continued "strain of other specified muscles, fascia and tendons and wrist and hand level, right hand"), 611 (noting right thumb pain, decreased range of motion, rule-out diagnoses of thumb injury and joint derangement).

Additionally, although Plaintiff did state (two weeks after the surgery) that "her numbness and tingling have much improved", Plaintiff continued to complain of bilateral pain in her hands and wrists and to test positive for carpal tunnel syndrome after that time. *See* AR 54–58, 589–93, 604, 633–34. Thus, post-surgery improvement was not a reason supported by substantial evidence for disregarding Mr. Bilodeau's opinion.

With respect to the ALJ's second reason, an ALJ may reject a treating or examining physician's opinion on the ground that it is not supported by objective medical findings. *Magallanes v. Bowen*, 881 F.2d 747, 754 (9th Cir. 1989). Here, the ALJ found that no objective evidence existed in the record to support Mr. Bilodeau's opinion that Plaintiff could be expected to miss four or more days of work per month. AR 26. Plaintiff does not challenge this finding; nor does Plaintiff, on appeal, direct the Court's attention to any evidence that supports this degree of absenteeism. However, this unchallenged reasoning applies only to Mr. Bilodeau's opinion on absenteeism and not to his opinions on Plaintiff's manipulative limitations. The ALJ failed to make adequate findings supported by substantial evidence in rejecting the latter.

### 3. Opinion of Dr. Lein

Arild Lein, M.D., reviewed Plaintiff's medical records and completed an evaluation by the Washington State Department of Social and Health Services on August 16, 2018. *See* AR 573–76. He diagnosed Plaintiff with carpal tunnel syndrome and arthritis, both with a severity rating of 4 out of 5, and opined that she would be unable to lift loads of 10 pounds or frequently lift or carry even small items. AR 575. The ALJ found this opinion unpersuasive, reasoning that it was not reflective of Plaintiff's

condition after her carpal tunnel surgery. As discussed above with regard to Mr. Bilodeau's opinion, however, this was not a finding supported by substantial evidence.

While the ALJ also noted the opinion was inconsistent with the opinions of the agency doctors, a conflict between medical opinions is not, in itself, a reason for choosing one doctor's opinion over the others; rather, it only establishes an issue the ALJ must resolve. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."). Finally, the ALJ noted that the opinion was obtained for the purpose of a DSHS disability determination, but "'[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them' unless there is additional evidence demonstrating impropriety." *Case v. Astrue*, 425 F. Appx. 565, 566 (9th Cir. 2011) (quoting *Lester*, 81 F. 3d at 832).

### B. Whether the ALJ Properly Assessed Plaintiff's Subjective Symptom Testimony

Plaintiff also assigns error to the ALJ's evaluation of Plaintiff's subjective symptom testimony. Dkt. 12, p. 12.

To reject a claimant's subjective complaints, the ALJ's decision must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834. "[B]ecause subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone," the ALJ may not discredit a

subjective description "solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

In this case, Plaintiff alleged that her physical impairments caused daytime fatigue, difficulty regulating body temperature, chronic multi-joint pain and lockup, and joint and hand swelling. AR 54, 221, 269. She stated that these symptoms limited her ability to lift more than five pounds; stand, walk or sit for extended periods; perform postural activities; and reach or use her hands. AR 60. Plaintiff stated that she relied on a walking stick and hand or wrist braces in addition to medication, the latter causing side effects of fatigue and tinnitus. AR 270–72. Finally, Plaintiff testified to having difficulty writing, preparing meals, taking care of personal needs, sleeping, completing chores, and driving. *Id.*

The ALJ found that this testimony was inconsistent with (1) evidence of improvement after Plaintiff's carpal tunnel release surgery; (2) the overall objective medical evidence; and (3) evidence that Plaintiff's symptoms were treated conservatively. AR 25.

With respect to the ALJ's first reason, as stated above, the ALJ's finding of improvement was not supported by substantial evidence. While the ALJ cited notes from two weeks after the surgery in which Plaintiff said her pain and numbness had resolved, later records make clear that Plaintiff continued to describe these symptoms and was determined to be positive for carpal tunnel syndrome even after the release surgery on her right side. AR 526, 540, 631, 634. Indeed, the ALJ did not address Plaintiff's hearing testimony indicating that, six months after the surgery, she "noticed no change whatsoever" and was "still having the pains," being unable to close her hand,

before additional complications with her right thumb arose. AR 54. Improvement with surgery was not a "clear and convincing" reason to discount Plaintiff's subjective testimony. *Lester*, 81 F.3d at 834.

With respect to the ALJ's second reason, "[c]ontradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony." *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). However, a mere "lack of medical evidence cannot form the sole basis for discounting [symptom] testimony." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, evidence the ALJ cited did not contradict Plaintiff's testimony.

Here, the ALJ found that

> Physical examination reports throughout the record otherwise often document observations of normal gait and station, grossly intact sensation, no acute distress, and normal tone and muscle bulk[.]

AR 25 (citing AR 468, 470, 472, 482, 513, 516, 518, 520, 526, 540, 553–54, 593, 611, 629, 631, 634, 638).

The ALJ cited Plaintiff's typically normal gait—but this does not contradict Plaintiff's testimony. AR 25. A normal gait walking across a doctor's office does not contradict Plaintiff's testimony that her knee would buckle after 30 to 40 steps. *See* AR 60. The ALJ cited observations Plaintiff was in "no acute distress," but Plaintiff's symptoms are chronic, not acute. AR 25. The ALJ cites notes from three examinations showing normal muscle tone and bulk, but does not explain how this contradicts Plaintiff's complaints regarding joint pain. *See* AR 482, 526, 540, 611.

Finally, the ALJ pointed to findings of intact sensation, which potentially could contradict Plaintiff's statements regarding numbness—but notes from several of the

cited examinations show Plaintiff's sensation was "abnormal." *See* AR 25, 513, 631, 638. The ALJ did not address or otherwise reconcile these findings with those that documented normal sensation. To the extent the ALJ's finding was based on a selective summary of the medical evidence that supported one conclusion while omitting evidence that did not support such a conclusion, the ALJ erred. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (ALJ may not "cherry-pick[ ]" items from treatment record without considering them in context of "diagnoses and observations of impairment").

With respect to the ALJ's third reason, an ALJ may rely on conservative treatment in discounting a claimant's symptom testimony. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (holding that over-the-counter pain medication is "conservative treatment"). However, the treatment must be effective. See 20 C.F.R. § 404.1529(c)(3)(iv) (evaluating the *effectiveness* of medication and treatment and not whether treatment is aggressive or conservative).

Here, the ALJ pointed to three measures—a steroid injection, hand therapy, and a hand splint worn at night; yet, without a supported finding that these treatments were effective in relieving Plaintiff's symptoms, there is no basis to conclude that conservative treatment was inconsistent with Plaintiff's complaints. *See* AR 25 (citing AR 589, 594, 624). Indeed, Plaintiff testified at the hearing that the hand splinting had failed to produce results. *See* AR 55. Conservative treatment was not a reason supported by substantial evidence for discounting Plaintiff's subjective symptom testimony.

C. Harmless Error

Harmless error principles apply in the Social Security context. *Molina v. Astrue*,

674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, the ALJ improperly discounted Plaintiff's subjective complaints, as well as the opinions of Mr. Bilodeau and Dr. Lein, in making an RFC assessment. This RFC informed the ALJ's conclusion that Plaintiff was not disabled. Because these errors were of consequence to the ultimate determination of disability, the error was harmful.

### D. Remand With Instructions for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill*, 880 F.3d 1041, 1045, that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits.

Here, the parties agree that the proper remedy is a remand for further proceedings. On remand, the ALJ is directed to re-evaluate the opinions of Mr. Bilodeau and Dr. Lein, in addition to Plaintiff's symptom testimony, and admit additional testimony and evidence as necessary.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when she determined plaintiff to not be disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 6th day of December, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge